# Skadden, Arps, Slate, Meagher & Flom llp

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
1.212.735.3834
DIRECT FAX
1.917.777.3834
EMAIL ADDRESS
BORIS.BERSHTEYN@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

October 4, 2023

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> RE: *In re Mexican Government Bonds Antitrust Litigation*,
> No. 22-2039

Dear Ms. O'Hagan Wolfe:

We write on behalf of defendants-appellees in response to plaintiffs-appellants' letter under Federal Rule of Appellate Procedure 28(j) about this Court's summary order in *Lensky v. Turk Hava Yollari, A.O.*, No. 21-2567, 2023 WL 6173334 (2d Cir. Sept. 22, 2023). (*See* ECF No. 146.) Plaintiffs make the conclusory claim that "*Lensky* illustrates that Defendants' and the district court's narrow focus here on the location of Defendants' traders is incorrect."

In fact, *Lensky* is fully consistent with the district court's well-reasoned conclusion that it lacks personal jurisdiction over defendants. The defendant air carrier in *Lensky* was alleged to have consistent, significant, and direct contacts with the plaintiffs and the United States. The defendant "d[id] not dispute" that it "services airports in eight States" and "lists sales and cargo offices in each of those States," employing cargo personnel, mechanics, flight crews, sales agents, and executives. Op. at 9. Indeed, the Court remanded for consideration of whether the alleged contacts

Catherine O'Hagan Wolfe
October 4, 2023
Page 2

could support *general*, not just specific, jurisdiction.  *See id.* at 10.  For their part, the plaintiffs' transactions with the defendant were direct and tied to the forum—they "bought airline tickets from [the defendant]" from New York and flew from New York to Istanbul, where they were allegedly injured by police "acting under the direction of [the defendant's] employees."  *Id.* at 2-3.

No comparable contacts are alleged here.  No defendant had a U.S. branch or office that transacted in Mexican government bonds ("MGBs") at any time during the Class Period, and plaintiffs do not plausibly allege that they transacted MGBs directly with any defendant.  Moreover, according to plaintiffs, the MGB market is characterized by "large, infrequent customer purchases."  (ECF No. 56 at 40.)  Based on this record, the district court correctly held that plaintiffs' allegations of an antitrust conspiracy—carried out in Mexico by Mexican banks purportedly manipulating the MGB market through Mexico-based traders—do not subject defendants to personal jurisdiction in this forum.

In short, *Lensky* lends no support to plaintiffs' assertion that defendants here availed themselves of this forum or that plaintiffs' claims "arise out of or relate to" defendants' contacts.

Respectfully submitted,

/s/ Boris Bershteyn

Boris Bershteyn

cc: All Counsel of Record via ECF